UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERNESTINE WALDON and ) | |
| VERGIE SMALL, ) | |
|     Plaintiffs, ) | |
| ) | |
| vs. ) | 1:07-cv-1329-LJM-WTL |
| ) | |
| DONNA WILKINS, MD, ) | |
| HEALTH OFFICER, DELAWARE COUNTY, ) | |
| JOSHUA WILLIAMS, ) | |
| DONALD DUNNUCK, ) | |
| RODNEY BARBOUR, and ) | |
| CARL BARBOUR, JR., ) | |
|     Defendants. ) | |

**ORDER ON PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT**

This matter is before the Court on plaintiffs', Ernestine Waldon and Vergie Small (collectively, "Plaintiffs"), Motion for Relief from Judgment of Dismissal Pursuant to Federal Rule of Civil Procedure 60 ("Rule 60"). Defendants, Donna Wilkins, MD; Health Officer, Delaware County; Joshua Williams, and Donald Dunnuck (collectively, "Defendants"), oppose the motion on the grounds that Plaintiffs have failed to meet the requirements of Rule 60.

For the reasons stated herein, the Court **DENIES** Plaintiffs' motion.

**I. BACKGROUND**

Plaintiffs filed this lawsuit on October 15, 2007, alleging that Defendants violated their constitutional rights when they failed to provide proper notice of an abatement order regarding property owned by Plaintiffs and when they executed the order by taking their personal property without compensation and/or improperly seizing the property without justification. In addition,

Plaintiffs alleged that Defendants had unlawfully converted and destroyed their property under Indiana State law.

On January 22, 2008, Defendants filed a Motion to Dismiss Plaintiffs' claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) ("Rules 12(b)(1) and (6)"). Pursuant to Local Rule 7.1, Plaintiffs had fifteen days plus weekends, and three days for service, or until February 11, 2008, to respond to the Motion to Dismiss.

On February 14, 2008, Plaintiffs' filed a Verified Motion for Leave to Respond to Defendants' Motion to Dismiss. In their motion, Plaintiffs requested ten additional days to respond to the Motion to Dismiss. On February 15, 2008, the Court granted Plaintiffs' motion for time and gave Plaintiffs until February 25, 2008, to respond to the Motion to Dismiss.

Plaintiffs assert that their counsel did not receive notice of the Court's February 15, 2008, order until February 29, 2008. In addition, one of their counsel, Dale Arnett ("Arnett"), claims that he became ill on March 1, 2008, was unable to work on March 3, 2008, and had not fully recovered on March 8, 2008. In addition, on March 4, 2008, the county in which Arnett resides experienced wide-spread power outages; Arnett did not have consistent electric power until Friday, March 7, 2008.

On March 7, 2008, this Court dismissed Plaintiffs' claims against Defendants noting that the Court did not have jurisdiction over Plaintiffs' claims under the *Rooker-Feldman* doctrine.

Plaintiffs filed the instant motion on March 10, 2008.

## II. STANDARD

Plaintiffs seek to set aside the judgment in this cause pursuant to Rule 60(b) or Rule 60(d). Rule 60 provides, in relevant part:

> **(b)** **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1)   mistake, inadvertence, surprise, or excusable neglect; . . .
>
> \* \* \*
>
> **(d)** **Other Powers to Grant Relief.** This rule does not limit the court's power to:
>
> \* \* \*
>
> > (3)   set aside a judgment for fraud upon the court.

Fed. R. Civ. P. 60(b)(1) & (d)(3). More detailed standards are incorporated into the Court's discussion of the parties' arguments.

## III. DISCUSSION

The Court notes at the outset that only three of the five defendants moved to dismiss Plaintiffs' claim in the January 22, 2008, motion. Moreover, no judgment has been entered, rather, the Court ruled that it does not have jurisdiction over Plaintiffs' claims against defendants, Donna Wilkins, MD, Joshua Williams, and Donald Dunnuck, and it has dismissed Plaintiffs claims as to those Defendants. It is with that procedural posture in mind that the Court addresses Plaintiffs' motion.

Plaintiffs assert that their attorneys' failure to file a response by the deadline prescribed by the Local Rules and the Court's orders is excusable because of the circumstances outlined above. Furthermore, Plaintiffs assert that Defendants failed to include reference to the Indiana Court of Appeals' decision in Plaintiffs' prior case in which that court specifically stated that Plaintiffs' claims regarding the manner in which state actors may have carried out a legitimate order of a state court would be separate from a challenge to the constitutionality of the order itself. Plaintiffs also argue against the merits of Defendants' Motion to Dismiss.

Defendants assert that Plaintiffs have failed to meet the standard for showing excusable neglect under Rule 60. Moreover, Defendants argue that the Court properly dismissed Plaintiffs' claims against them pursuant to the *Rooker-Feldman* doctrine.

In *Pioneer Inv. Servs. Co. v. Brusnwick Assocs. Ltd.*, 507 U.S. 380 (1993), the Supreme Court described the proper scope of "excusable neglect" under Rule 60(b)(1). Under Rule 60(b)(1), the *Pioneer* Court agreed with the Court in *Klapprott v. United States*, 335 U.S. 601, 613 (1949), when it described "neglect" as "'failure to defend . . . due to inadvertence, indifference, or careless disregard of consequences.'" *Id.* at 394 (quoting *Klapprott*, 335 U.S. at 613). In other words, the *Pioneer* Court suggested that "excusable neglect" under Rule 60(b)(1) "encompasses situations in which the failure to comply with a filing deadline is attributable to negligence," but does not encompass failures to meet filing deadlines for reasons beyond the control of a party. *Id.*

In addition, the Supreme Court provided the following guidance for how to determine if any neglect is "excusable." The Court said:

> the determination is at bottom an equitable one, taking into account all the relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [non-moving party], the length of the delay and its potential impact

> on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id.* at 1498. The Seventh Circuit adopted these standards for a Rule 60(b)(1) analysis in *Robb v. Norfolk & W.Ry. Co.*, 122 F.3d 354, 359 (7th Cir. 1997).

Applying the standards to the facts here, the Court concludes that it must at least consider Plaintiffs' arguments in opposition to Defendants' Motion to Dismiss. First, the danger of prejudice to Defendants if the Court considers Plaintiffs arguments is slight. Defendants have had the opportunity to rebut Plaintiffs' arguments in their brief and the Court's reconsideration of the issues in light of the Plaintiffs' arguments can only make the outcome more fair rather than less so. Second, although there is some question as to why Plaintiffs' co-counsel did not attempt to file an opposition brief within the time allowed by the Court, or to file a motion for a further extension once she received notice of the Court's order, the circumstances surrounding Plaintiffs' delay is the sort of negligence Rule 60(b)(1) is designed to rectify. Plaintiffs' counsel was negligent in their attention to the case and the motions pending before the Court. However, their delay in correcting their errors was not of such length that it should preclude them from making relevant arguments on their client's behalf. In other words, the delay is not so great that resolution of the parties' dispute is delayed unjustly.

Turning now to Plaintiffs' arguments that the Court should reconsider its decision to grant Defendants' Motion to Dismiss on the merits, Plaintiffs point out that the Indiana Court of Appeals expressly adopted defendant Donna Wilkins' argument on appeal that Plaintiffs' complaints about the execution of the judgment had not been litigated. Specifically, the decision reads:

> As Wilkins notes in her brief on appeal, to the extent that [Plaintiffs] are entitled to any relief regarding their personal property, that relief must come by way of a lawsuit

> against the individuals and entities involved with the execution of the order. Our task here was to review the *validity* of the order, which we have done. Determining whether [Plaintiffs'] rights were violated in the *execution* of the order is the domain of Indiana's trial courts.

*Waldon v. Wilkins*, No. 18A04-0607-CV-199, 2006 WL 3823526, at *6 (Ind. Ct. App. June 21, 2007). However, the Indiana Court of Appeals expressly rejected the Plaintiff's argument under the due process clause that "'the manner in which [Wilkins] and her agents proceeded under [the abatement] order shocks the conscience.'" *Id.* at *5 n.1 (quoting Appellants' Br. at 22).

Reading these two directives together, it appears that the Indiana Court of Appeals left open the question of whether or not Defendants could be liable to Plaintiffs under 42 U.S.C. § 1983 for violating the Fourth Amendment's prohibition against unreasonable seizures. *See Waldon*, 2006 WL 3823526, at *3-5 & n.1. However, what the Indiana Court of Appeals ignored was that a finding that the order was valid left no room for Plaintiffs to argue that their personal property was wrongfully taken, which is exactly what Plaintiffs are trying to argue here. The abatement order specifically authorized "[t]he Health Department . . . to remove from the premises the modular building and all personal property and debris located on the real estate." Compl. at 5. It is this very act that Plaintiffs complained about to the Indiana trial court in both their December 21, 2005, Motion to Set Aside Default Judgment and Petition for Order Requiring Plaintiff to Return Defendant's Property, and their March 6, 2006, Motion to Correct Errors. Defs.' Exs. 1-3. Both of these motions were denied by the trial court, and a subject of Plaintiffs' subsequent appeals. Plaintiffs proffer no new argument for which they can claim relief in the Complaint in the instant case; rather, again they allege injury from the unlawful removal (or unlawful seizure) of all of the personal property on their real estate. At the very least Plaintiffs' allegations in their Complaint are

6

so "inextricably intertwined" with the allegations that were decided by the Indiana state trial court that "in essence [this Court is] being called upon to review the state-court decision." *Taylor v. Fed. Nat'l Mortgage Ass'n*, 374 F.3d 529, 533 (7th Cir. 2004).

Plaintiffs have raised no new allegations in their Complaint.  Therefore, under the *Rooker-Feldman* doctrine, the Court does not have jurisdiction to adjudicate those claims and Defendants' Motion to Dismiss was properly granted.

## IV.  **CONCLUSION**

For the reasons stated herein, plaintiffs', Ernestine Waldon and Vergie Small, Verified Motion for Relief from Judgment is **DENIED.**

IT IS SO ORDERED this 19th day of May, 2008.

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Electronically distributed to:

Dale William Arnett
larnett1@verizon.net

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Ian L. Stewart
STEPHENSON MOROW & SEMLER
istewart@stephlaw.com

Distributed via U.S. Postal Service to:

Linda Stemmer
218 W. Pearl St.
P.O. Box 350
Union City, IN 47390